*MHN*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### NORTHERN DIVISION

| | | |
|---|---|---|
| VICTOR GULLEY,<br>Plaintiff pro se',<br>V. | )<br>)<br>)<br>) | Case No.: 1:10-CV-00573<br>TRIAL BY JURY DEMANDED |
| | ) | Judge: HONORABLE MATTHEW F. KENNELLY |
| PIERCE AND ASSOCIATES, CODILIS &<br>ASSOCIATES, PC ,<br>Defendant<br>U.S. BANK NATIONAL ASSOCIATION AS<br>TRUSTEE OF THE BNC MORTGAGE LOAN<br>TRUST 2007-1<br>Defendant | ) | |

**F I L E D**
4-28-2010
APR 2 8 2010 YM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S SECOND AMENDED COMPLAINT

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Victor Gulley.

At all times hereinafter mentioned, The Plaintiff was and still is a resident of Cook County, State of Illinois. From here on, Victor Gulley will be known as The Plaintiff.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement upon Which Relief Can Be Granted.

## JURISDICTION AND VENUE

1. **The Defendant's are third party debt collectors, as such is governed under the law by The Fair Debt Collection Practices Act 15 USC Section §1601, *et seq*. The Defendants are also governed under the law by The Fair Credit Reporting Act 15 USC Section §1681, *et seq*. The State of Illinois abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically section 813 of the FDCPA and 618 of the FCRA.**

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants.

<u>Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect and credit reporting of the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act, 15 USC §1601, *et seq*. and the Fair Credit Reporting Act 15 USC §1681, *et seq*.</u>

1

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who resided in Chicago, Illinois at all times relevant to this action.

3. Defendant CODILLIS AND ASSOCIATES is an Illinois Corporation number 53227171 that maintains its principal place of business in Burr Ridge Illinois.

4. Defendant PIERCE AND ASSOCIATES is an Illinois Corporation number 56902945 that maintains its principal place of business in Chicago, Illinois.

5. Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN is registered as a California Corporation number 58585688 that maintained its principal place of business in San Diego.

6. The Defendants are debt collectors as defined by 15 U.S.C § 1692a(6).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On or about July 9, 2008, the Plaintiff received 3 to 4 phone calls a day from the agent of Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN at the Plaintiff's place of employment which violates **15 USC 1692d § 806(5) & 15 USC 1692 § 805 (3)**.

9. The agent of U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN did not disclose the Miranda notice via the phone violating **15 USC 1692e**.
   The same agent of U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN called other family members in Kansas City, Missouri and in Skokie, Illinois, violating **15 USC 1692 § 805 1 b.** The Plaintiff pursuant to 15 USC 1692g § **805(1)(c)** sent a letter to the agent for U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN advising them not to call or contact any other parties.

10. On October 31, 2008, the plaintiff received a noticed stating that $125,174.01 was owed. The Defendant identified themselves as Codillis and Associates law firm from Illinois and stated that the Plaintiff owed them $125,174.01. The Plaintiff pursuant to 15 USC 1692 **§ 809(b)** requested proof of this alleged debt via written correspondence and delivered by certified mail number **7006 2150 0002 0982 1971** on November 3, 2008.

11. The defendant Codillis and Associates has never complied with the request pursuant to 15 USC 1692 **§ 809(b).**

12. The Defendant Codillis and Associates continued to send notifications: one in Dec 2008, five in March 2009, two in June 2009 and another in July 2009. Codillis and Associates proceeded with collection which violates **15 USC 1692 § 802c.** None of these notices validated the alleged debt in accordance with SPEARS v. BRENNAN IN THE COURT OF APPEALS OF INDIANA.

13. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN prior to bankruptcy was mailed a qualified written requests and debt validation pursuant to 15 USC 1692 **§ 809(b)** on May 30, 2008 under USPS certified no.

2

7006 2150 0002 0981 3853 which was received on 10:24 am on June 06, 2008. Another request sent on June 25, 2008 under USPS certified no. 7006 2150 0002 0975 8031 was received on 10:14 am on June 30, 2008 and signed for by Joe Cowans.

14. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN then notified another third party residing at 459 W. 126th place of the alleged debt owed violating **15 USC 1692 § 805 1 b.**

15. The Defendant Pierce and Associates, after reviewing the entire case prior to acceptance, discovered the alleged debt was not validated in accordance with G.A.A.P guidelines and SPEARS V BRENNEN IN THE COURT OF APPEALS OF INDIANA. The Defendant Pierce and Associates proceeded with collection which violates **15 USC 1692 § 802 c.**

16. The Defendant Pierce and Associates contacted the same third party at 459 W.126[th] place of the alleged debt violating **15 USC 1692 § 805 1 b.**

17. The Defendant Pierce and Associates never noticed the Plaintiff of his rights under the DCPA **15 USC 1692e.**

## COUNT I

**§ 807. False or misleading representations [15 USC 1692e]**

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN did not comply with the law when contacting the Plaintiff by failing to inform the Plaintiff of his rights.

20. Defendants' violation of **15 USC 1692e** of the FDCPA render them liable for statutory damages, costs and reasonable attorneys' fees. See 15 U.S.C § 1692k.

21. The Defendant Pierce and Associates have sent notices but have never advised the Plaintiff of his rights under **15 USC 1692e.**

22. The Defendant Pierce and Associates distributed a written communication which simulated or falsely represented to be a document authorized, issued, or approved by any court, agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval which was given to a third party at 459 W. 127th place. Defendant violated **15 USC 1692e(9)**

23. Defendants' violation of **15 USC 1692e** of the FDCPA render them liable for statutory

damages, costs and reasonable attorneys' fees. See 15 U.S.C § 1692k.

## COUNT II

### § 805. Communication in connection with debt collection [15 USC 1692b]

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC

MORTGAGE LOAN called other family members in Kansas City, Missouri and in Skokie,

Illinois, violating **15 USC 1692 § 805 1 b.**

26. The Defendant Pierce and Associates contacted a third party at 459 W. 126th place of the

alleged debt violating **15 USC 1692 § 805 1 b.**

27. On or about July 9, 2008 the Plaintiff received 3 to 4 phone calls a day from the agent of

Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC

MORTGAGE LOAN at the Plaintiffs, place of employment **15 USC 1692 § 805 (a)(1)(3).**

28. The Defendant Codillis and Associates failed to notify the Plaintiff that all further collection

activities were terminated thus violating **15 U.S.C 1692C § 805(b)(1).**

29. The Defendant Pierce and Associates failed to advise the Plaintiff that all further collection

activities were terminated thus violating **15 U.S.C 1692C § 805(b)(1).**

30. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC

MORTGAGE LOAN failed to advise the Plaintiff that all further collection activities were

terminated thus violating **15 U.S.C 1692C § 805(b)(1).**

31. Defendants' violation of **15 USC 1692 805** of the FDCPA render them liable for statutory

damages, costs and reasonable attorneys' fees. See 15 U.S.C § 1692k.

## COUNT III

**§ 809. Validation of debts in connection with debt collection [15 USC 1692g]**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant Codillis and Associates was requested to validate the alleged debt pursuant to

**15 USC 1692 § 809(b).** Proof was requested via written correspondence and delivered by

certified mail number **7006 2150 0002 0982 1971** on November 3, 2008. The validation

should have been done in accordance with G.A.A. P. accounting rules and in conjunction

with SPEARS VS. BRENNEN IN THE COURT OF APPEALS OF INDIANA. The

Defendant has not provided validation.

34. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC

MORTGAGE received a qualified written requests for alleged debt validation pursuant to **15**

**USC 1692 § 809(b)** on May 30, 2008 under USPS certified no. 7006 2150 0002 0981 3853

which was received on 10:24 am on June 06, 2008. Another request was sent on June 25,

2008 under USPS certified no. 7006 2150 0002 0975 8031 was received on 10:14 am on

June 30, 2008 by Joe Cowans. The validation should have been provided in accordance with

G.A.A. P. accounting rules and in conjunction with SPEARS VS. BRENNEN IN THE

COURT OF APPEALS OF INDIANA. The Defendant has not provided this debt validation.

35. The Defendant Pierce and Associates after reviewing the entire case prior to acceptance

discovered the alleged debt was not validated in accordance with G.A.A.P guidelines and

SPEARS V BRENNEN IN THE COURT OF APPEALS OF INDIANA. The Defendant

Pierce and Associates proceeded with collection which violates **15 USC 1692 § 809.**

36. Defendants' violation of **15 USC 1692 809** of the FDCPA render them liable for statutory

damages, costs and reasonable attorneys' fees. See 15 U.S.C § 1692k.

## COUNT IV

**§ 604. Permissible purposes of consumer reports** [15 U.S.C. § 1681b]

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC

MORTGAGE is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], *et seq.* As

follows:

A   Failure to inform the National Credit Reporting Agencies that the alleged account is in

dispute and failing to do so for over two years.

B   Continually updating the Plaintiff's credit report with this erroneous and inaccurate

information for over two years.

39. WHEREFORE, the defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF

THE BNC MORTGAGE has violated the Fair Credit Reporting Act and the Fair Debt Collection

Practices Act, Plaintiff demands judgment in the amount of $10,000.00, plus all costs of this

action along with punitive damages in the amount of $110,000.00

## COMPLAINT/ STATEMENT OF CLAIM AGAINST U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE

**STATEMENT UPON WHICH RELIEF CAN BE GRANTED**

40. The case is in reference to an alleged account that was held by BNC MORTGAGE and was

assumed by the Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE

BNC MORTGAGE. The Law of Agency applies in this matter.

41. The Plaintiff has contacted the Defendant U.S. BANK NATIONAL ASSOCIATION AS

TRUSTEE OF THE BNC MORTGAGE via written notice on October 30, 2009 in reference to

erroneous and inaccurate reporting in the Plaintiff's Credit Report. This is covered under the FCRA, The Fair Credit Reporting Act 15 USC Section §1681, *et seq.*

42. The Defendant, US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE BNC MORTGAGE LOAN TRUST 2007-1 is a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq.* and also reports these accounts to the national credit reporting agencies i.e., Trans Union, Equifax, Experian, Innovis and all national credit reporting agencies.

43. The State of ILLINOIS abides by and adheres to these laws, specifically **the Fair Credit Reporting Act § 618 15 USC §1681p,** *et seq,* thus establishing the jurisdiction of this honorable court. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here; but the fact as to how it was or was not verified and wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiff's credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq.*

44. The Plaintiff has not now or ever had any business affiliation or relationship with Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE and has never applied for any type of mortgage, loan, credit card, insurance or employment reasons with the Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE.

45. The Plaintiff contacted the Defendant U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE OF THE BNC MORTGAGE by U.S. Postal Service Certified Mail Return Receipt
dated on November 3, 2008 asking for proof of this alleged account. The Plaintiff had contacted
the Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC
MORTGAGE by US mail on several other occasions prior to this and had never received an
answer from the Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE
BNC MORTGAGE and has attempted to have an explanation which validates the alleged debt
from the Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC
MORTGAGE.

46. The Plaintiff has tried every way possible to resolve these issues but has never received an
answer from the Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE
BNC MORTGAGE forcing the Plaintiff to this court action in order for the court to intervene in
this matter. The derogatory, erroneous and inaccurate information still remains on the Plaintiff's
Credit Report to date. The Plaintiff has requested confirmation related to the dispute of this
alleged account with any and all national credit reporting agencies. On several occasions the
national credit reporting agencies have confirmed that they are reporting it correctly as advised
by Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC
MORTGAGE.

47. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC
MORTGAGE must also inform notice of dispute to the and all national credit reporting agencies
that the alleged debt is in dispute, which the Defendant U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE has not done. The Defendant U.S.
BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE has

8

continued reporting erroneous and inaccurate information when updating the Plaintiff's credit

report. The Plaintiff has informed the Defendant of the inaccurate updating by requesting proof

of the alleged account. To-date, the Defendant U.S. BANK NATIONAL ASSOCIATION AS

TRUSTEE OF THE BNC MORTGAGE is in violation the Fair Credit Reporting Act [15 U.S.C.

§ 1681s-2], *et seq* as follows:

A    Failure to inform the National Credit Reporting Agencies that the alleged account is in

dispute and failing to do so for over two years.

B    Continually updating the Plaintiff's credit report for over two years with this erroneous

and inaccurate information for over two years.

## COUNT V

48. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

49. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

**§ 623. Responsibilities of furnishers of information to consumer reporting agencies**
[15 U.S.C. § 1681s-2] According to the Fair Credit Reporting Act, section 623. Responsibilities

of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish

any information relating to a consumer to any consumer-reporting agency if the person

knows or consciously avoids knowing that the information is inaccurate.

50. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC

MORTGAGE is in violation of [15 U.S.C. § 1681s-2] § 623(a)(1)(A) by reporting information to

the consumer-reporting agency with actual knowledge of errors.

## COUNT VI

51 Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

52. [15 U.S.C. § 1681s-2] § 623(a)(1)(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

53. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE is in violation of [15 U.S.C. § 1681s-2] § 623(a)(1)(B) for failing to mark the item on the credit reportwas sent to them and the information was inaccurate. The defendant was notified as prescribed under section 15 U.S.C. § 1681s-2 § 623(a)(1) (B)(i) and the defendant still failed to report it accurately as prescribed under section 15 U.S.C. § 1681s-2 § 623(a)(1)(B)(ii).

## COUNT VII

54. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

55. **§ 623. Responsibilities of furnishers of information to consumer reporting agencies** [15 U.S.C. § 1681s-2](a)

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer;

10

56. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE is in violation of [15 U.S.C. § 1681s-2] § 623(a)(2)(A) failed to update the consumer-reporting agency as prescribed under this section.

## COUNT VIII

57. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

58. [15 U.S.C. § 1681s-2] § 623(a)(2)(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

59. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE has not complied with this statue [15 U.S.C. § 1681s-2] § 623(a)(2)(B).

## COUNT IX

60. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

61. [15 U.S.C. § 1681s-2] § 623(a)(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

62. The Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE has not complied with this statue [15 U.S.C. § 1681s-2] § 623(a)(3).

## COUNT X

63 Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

64. [15 U.S.C. § 1681s-2] § 623

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

65. The information from Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE does not reflect that the information is in dispute by the consumer. According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement

12

imposed under this title with respect to any consumer is liable to that consumer in an amount

equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the

failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive

damages as the court may allow; and (3) in the case of any successful action to enforce any

liability under this section, the costs of the action together with reasonable attorney's fees as

determined by the court.

66. Plaintiff demands Judgment in the amount of $24,000.00 for each month the Defendant U.S.

BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE has violated

the act by updating the Plaintiffs credit reports with inaccurate and erroneous information.

67. According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15

U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement

imposed under this title with respect to any consumer is liable to that consumer in an amount

equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the

failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive

damages as the court may allow; and (3) in the case of any successful action to enforce any

liability under this section, the costs of the action together with reasonable attorney's fees as

determined by the court.

68. Plaintiff has a negative credit score and has been denied credit and at reasonable rates

because of the willful noncompliance actions erroneous and inaccurate reporting and/or

inaction's of the defendants.

69. According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance

[15 U.S.C. § 1681o]

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negative Experian credit score and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the defendant. Plaintiff has suffered injury in the form of Defamation of character

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

THEREFORE Plaintiff requests judgment against Defendant for damages of $110,000.00 plus costs and fees and punitive damages as allowed by the court.

Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE has never obtained verification of the account or mailed/provided such verification to the Plaintiff.

WHEREFORE, the defendant has violated the Fair Credit Reporting Act. Plaintiff demands Judgment in the amount of $110,000.00, plus all costs of this action along with punitive damages in the amount of $110,000.00

Respectfully submitted this 27th day of April 2010

Victor Gulley, Plaintiff

14

*Victor Gulley*
*8900 South Lowe*
*Chicago, Illinois*
*vgulley@hotmail.com*
*773-488-9041*

## CERIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint Victor Gulley v. CODILIS & ASSOCIATES, PC, 15W030 North Frontage Road, Suite 100, Burr Ridge, Illinois, [60527] & PIERCE AND ASSOCIATES, 1 North Dearborn Street 13th Floor, Chicago, Illinois,[60602] and US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE BNC MORTGAGE LOAN TRUST 2007-1, 10790 RANCHO BERNARDO ROAD, SAN DIEGO, CALIFORNIA, [92127], and BURKE, WARREN, MACKAY & SERRITELLA, PC, 330 North Wabash Avenue 22nd Floor, Chicago, Illinois [60611-2607], was mailed by US certified mail delivered to CODILIS & ASSOCIATES, PC, PIERCE AND ASSOCIATES, US BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BNC MORTGAGE LOAN TRUST 2007-1 and BURKE, WARREN, MACKAY & SERRITELLA on April 27, 2010.

CODILIS & ASSOCIATES, PC ____7009 0820 0001 1765 2839_____
15W030 North Frontage Road, Suite 100, Burr Ridge, Illinois [60527]

PIERCE AND ASSOCIATES____7009 0820 0001 1765 2877_____
1 North Dearborn Street 13th Floor, Chicago, Illinois,[60602]

US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE BNC MORTGAGE LOAN TRUST 2007-1 _____7009 0820 0001 1765 2815_____
10790 RANCHO BERNARDO ROAD, SAN DIEGO CALIFORNIA, [92127]

BURKE, WARREN, MACKAY & SERRITELLA, PC 7009 0820 0001 1765 2822
330 North Wabash Avenue 22nd Floor, Chicago, Illinois [60611-2607],

Victor Gulley, Plaintiff
*8900 South Lowe*
*Chicago, Illinois*
*vgulley@hotmail.com*
*773-488-9041*