**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **VICTOR GULLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 10 C 573** |
| ) | |
| **PIERCE & ASSOCIATES; CODILIS &** ) | |
| **ASSOCIATES, P.C.; and U.S. BANK** ) | |
| **NATIONAL ASSOCIATION, as Trustee** ) | |
| **of the BNC Mortgage Loan Trust 2007-1,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Victor Gulley has filed a *pro se* lawsuit against U.S. Bank National Association,

as Trustee of BNC Mortgage Loan Trust 2007-1, and two law firms, Codilis &

Associates, P.C. and Pierce and Associates, P.C., for violating the Fair Debt Collection

Practices Act (FDCPA) and against U.S. Bank for violating the Fair Credit Reporting Act

(FCRA). The defendants have moved to dismiss Mr. Gulley's claims for failure to state

a claim. For the reasons stated below, the Court grants Pierce and U.S. Bank's

motions and grants Codilis' motion in part.

**Background**

The case concerns a mortgage loan that Mr. Gulley obtained from BNC

Mortgage, Inc. to purchase the property located at 459 W. 126th Place in Chicago.

BNC assigned Mr. Gulley's mortgage to U.S. Bank. During May and June 2008, Mr.

Gulley sent four requests to U.S. Bank seeking to verify his debt. He alleges that he

never received verification.

Around July 9, 2008, U.S. Bank began calling Mr. Gulley three to four times a day to attempt to collect the debt. These included calls to his place of employment and to other family members. Mr. Gulley does not allege the specific dates of several of these calls. At some point during this period, Mr. Gulley sent a letter to U.S. Bank stating that he did not want any communications with anyone other than himself.

In September 2008, Codilis filed a mortgage foreclosure suit on behalf of U.S. Bank against Mr. Gulley in state court. In the suit, U.S. Bank alleged that Mr. Gulley had not made his mortgage payments since May 1, 2008. On November 3, 2008, Mr. Gulley sent another debt verification request, this time to Codilis. According to Mr. Gulley, he received no answer. He also alleges that while U.S. Bank's suit was pending in state court, Codilis made several debt collection attempts by sending him "notifications," the last of which it sent in July 2009. Codilis then terminated communications with Mr. Gulley, without any advance warning.

U.S. Bank obtained a judgment of foreclosure. In July 2009, a state court judge entered an order approving the foreclosure sale, and a deed was recorded conveying the property to U.S. Bank.

On January 8, 2010, Pierce filed a state court eviction suit on behalf of U.S. Bank against a third party who was occupying the property. Mr. Gulley alleges that several of Pierce's actions relating to the eviction suit violated the FDCPA. These include proceeding with collection of the debt despite knowing that it had not been verified, contacting a third party about the debt, failing to inform Mr. Gulley of his rights under the FDCPA, and distributing "a written communication which simulated or falsely

2

represented to be a document authorized, issued, or approved by any court [or] agency of the United States or any State, or which create[d] a false impression as to its source, authorization, or approval."  Compl. at 3.

Mr. Gulley also claims that U.S. Bank violated the FCRA by failing to inform credit reporting agencies (CRAs) that his debt was in dispute, failing to update his file with accurate information, and providing inaccurate information to CRAs.  In addition, Mr. Gulley contends that U.S. Bank failed to investigate the disputed debt and inform CRAs of its findings.

According to Mr. Gulley, the defendants' actions negatively affected his credit score and resulted in a denial of credit at reasonable rates.  He seeks to recover compensatory and punitive damages.

## Discussion

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When considering a motion to dismiss under Rule 12(b)(6), a court accepts as true all facts alleged by the plaintiff and draws reasonable inferences in the plaintiff's favor.  *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). But "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

## A. FDCPA claims

### 1. Codilis

Mr. Gulley asserts three claims against Codilis under the FDCPA: it did not provide him with notice that it was terminating communication with him, it did not verify his debt upon request, and it continued its debt collection attempts through written notifications after his request for verification. Codilis contends that Mr. Gulley's first claim is legally and factually deficient and that his second and third claims are time-barred.

Mr. Gulley's first claim against Codilis is based on 15 U.S.C. § 1692c(c), which provides:

> If a consumer notifies a debt collector in writing that the consumer refused to pay a debt . . . the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector . . . may invoke specified remedies . . .; or
>
> (3) where applicable, to notify the consumer that the debt collector . . . intends to invoke a specified remedy.

15 U.S.C. § 1692c(c). This claim fails. Section 1692c(c) lists several exceptions to its general requirement that a debt collector cease communication upon request of the

4

consumer.  The exceptions illustrate the types of communications a debt collector *may* engage in, not communications a debt collector *must* engage in.  Nothing in the statute required Codilis to notify Mr. Gulley that it was ceasing communication with him.

Mr. Gulley's second and third claims are based on 15 U.S.C. § 1692g(b), which provides:

> If the consumer notifies the debt collector in writing . . . that the debt . . . is disputed . . . the debt collector *shall cease collection of the debt* . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis added).  Mr. Gulley alleges that Codilis failed to provide verification of his debt upon written request and that it failed to cease its collection efforts even though it had not verified the debt.

Codilis argues that Mr. Gulley's section 1692g claims are barred by the FDCPA's statute of limitations.  Under 15 U.S.C. § 1692k(d), "[a]n action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs."  Mr. Gulley alleges that he sent his letter requesting verification of his debt in November 2008.  He did not file this suit until January 27, 2010.  For this reason, any claim based on Codilis' alleged failure to verify is time-barred.

Mr. Gulley also alleges, however, that Codilis continued to attempt to collect his debt after allegedly failing to verify his debt.  This claim did not accrue until Codilis attempted to collect the debt, even if that was more than one year after Mr. Gulley sought verification.  *See Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379,  2009 WL 3151878, at *1 (N.D. Ill. Sept. 25, 2009).  Mr. Gulley alleges that Codilis made several attempts to collect his debt without sending the requested

verification, several of which were within one year of when he filed this suit. Mr. Gulley may pursue a claim against Codilis arising from its collection attempts that took after January 27, 2009.

**2.     Pierce**

Mr. Gulley has also sued Pierce under the FDCPA. He appears to claim that Pierce tried to collect the same debt that he owed U.S. Bank. Pierce argues that its only involvement in the matter at hand was the filing the state court eviction suit on behalf of U.S. Bank against a third party (Mr. Gulley has provided the Court with nothing to suggest otherwise). The filing of that suit, Pierce argues, does not constitute the collection of a debt from Gulley within the meaning of the FDCPA.

"A communication from a debt collector to a debtor is not covered by the FDCPA unless it is made 'in connection with the collection of any debt.'" *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 382 (7th Cir. 2010) (quoting 15 U.S.C. §§ 1692c & 1692e). The FDCPA defines a debt as

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

An eviction suit or other suit seeking possession or transfer of control of property may constitute collection of a debt in certain circumstances, *see Wilson v. Draper & Goldberg*, 443 F.3d 373, 376 (4th Cir. 2006), but Pierce's eviction suit against the third party was not an attempt to collect a debt from Mr. Gulley. As was the case in *Galuska*

*v. Blumenthal*, No. 92 C 3781, 1994 WL 323121 (N.D. Ill. June 26, 1994), the eviction

suit at issue in this case was designed only "to wrest possession of . . . property," not

collect a debt from Mr. Gulley. The court in *Galuska* reasoned that at the time of the

eviction suit, the party who filed that suit already held the deed to the property, which it

had "accepted in lieu of all previous debt." *Id.* at *5. Because the plaintiff no longer

owed the defendant any money, there was no need to protect the plaintiff from "abusive

debt collection practices." *Id*. The same is true here. The eviction suit that Pierce filed

on U.S. Bank's behalf was aimed simply at enforcing, against a third party, the

possessory rights the bank had obtained via the foreclosure judgment.

For these reasons, the Court grants Pierce's motion to dismiss.

### 3.    U.S. Bank

Mr. Gulley has also brought several claims against U.S. Bank under the FDCPA.

U.S. Bank argues that the FDCPA's one-year statute of limitations expired before Mr.

Gulley filed suit and that it is not a debt collector within the meaning of the FDCPA, but

rather is a creditor not subject to the statute's strictures.

As stated earlier, the FDCPA has a one-year statute of limitations. 15 U.S.C. §

1692k(d). Though Mr. Gulley's complaint does not provide specific dates for some of

the challenged actions by U.S. Bank, the dates he does provide, and the chronological

context of the complaint, makes it clear that all of those events took place more than a

year before he filed suit in January 2010. The Court therefore dismisses Mr. Gulley's

FDCPA claims against U.S. Bank on the ground that they are time-barred. For this

reason, the Court does not need to address U.S. Bank's other arguments in support of

dismissal.

**B.    FCRA Claims**

Mr. Gulley's FCRA claims are directed only at U.S. Bank.  He alleges that U.S.
Bank reported inaccurate information to CRAs about his debt, failed to inform CRAs
that his debt was in dispute, and failed to investigate disputed claims.

Most of the provisions of the FCRA are aimed at regulating the behavior of
CRAs.  Section 1681s-2, however, regulates persons and entities that furnish
information to CRAs.  Section 1681s-2(a) establishes the "[d]uty of furnishers of
information to provide accurate information."  15 U.S.C. § 1681s-2(a).  This section,
does not provide for a private right of action by a consumer against a furnisher of
information like U.S. Bank.   *See Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir.
2006) ("Both before and after [the Fair and Accurate Credit Transactions Act] amended
[the FCRA], it included an exemption from private actions for failure to comply with 15
U.S.C. § 1681s-2(a).").  Thus Mr. Gulley cannot maintain his claims against U.S. Bank
based on its alleged providing of inaccurate information to CRAs.

This leaves only Mr. Gulley's claim against U.S. Bank for failure to investigate.
Section 1681s-2(b) regulates the "[d]uties of furnishers of information upon notice of
dispute."  15 U.S.C. § 1681s-2(b).  This provision requires entities that furnish
information to CRAs to investigate disputed credit information and report the results to
CRAs.

Though Mr. Gulley does not allege in so many words that U.S. Bank failed to
investigate his disputed debt, "the federal rules do not necessarily require a plaintiff to
use the magic words defendant failed to conduct a reasonable investigation to state a

8

claim under 1681s-2(b)." *Rollins v. Peoples Gas Light and Coke Co.,* 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005). The Court thus assumes for purposes of discussion that Mr. Gulley alleges a failure to investigate on the part of U.S. Bank.

That, however, does not save Mr. Gulley's claim. A furnisher's duty to investigate under section 1681s-2(b) is triggered when the furnisher receives notice of a disputed debt "pursuant to section 1681i(a)(2)." 15 U.S.C. § 1681s-2(b)(1). Section 1681i(a)(2) imposes a duty on CRAs, not consumers, to provide notice of a dispute to a furnisher of information. 15 U.S.C. § 1681i(a)(2). Mr. Gulley has not alleged that a CRA requested U.S. Bank to investigate his disputed debt. Thus the requirements of § 1681s-2(b) were never triggered. As a result, Mr. Gulley has not stated a viable claim against U.S. Bank. *See Lang v. TCF Nat'l Bank*, No. 06 C 1058, 2008 WL 5111223 (N.D. Ill. Dec. 1, 2008) (citing cases).

### Conclusion

For the reasons stated above, the Court grants the motions to dismiss filed by Pierce & Associates [docket no. 41] and U.S. Bank [docket no. 44]. The Court grants in part the motion to dismiss filed by Codilis & Associates, P.C. [docket nos. 30 & 36], dismissing plaintiff's claims against Codilis other than those arising from its collection attempts after January 27, 2009. Codilis is directed to answer plaintiff's remaining claims on or before December 28, 2010. The Court sets the case for a status hearing on January 11, 2011 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: December 6, 2010

9